# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

**MARIO OCHOA and TENNESSEE**
**INSURANCE PROFESSIONALS, LLC,**

               **Plaintiffs,**

   **vs.**

**ALLSTATE INSURANCE COMPANY**
**and ERIC HARVEY**

               **Defendants.**

**Case No. 3-11-0233**

**JUDGE TRAUGER**

## ANSWER

Defendants Allstate Insurance Company ("Allstate") and Eric Harvey ("Mr. Harvey") (collectively, "Defendants"), by and through their undersigned counsel, answer the complaint of Mario Ochoa ("Plaintiff Ochoa") and Plaintiff Tennessee Insurance Professionals, LLC ("Plaintiff LLC") (collectively, "Plaintiffs") as follows:

1.      Defendants are without sufficient information to admit or deny the allegations in Paragraph 1 of the Complaint and therefore deny them.

2.      Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 2 of the Complaint and therefore deny them.

3.      Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4.      Defendants admit that Mr. Harvey is an individual residing and doing business in this State, was a Territorial Sales Leader for Allstate during the relevant time period, and may be served at Allstate's office at 555 Marriot Way, Nashville, TN 37211.

## JURISDICTION & VENUE

5.      Defendants admit the allegations contained in Paragraph 5 of the Complaint.

1

6.      Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants admit the allegations contained in Paragraph 7 of the Complaint.

<u>FACTUAL ALLEGATIONS</u>

8.      Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in Paragraph 8 of the Complaint that Plaintiff Ochoa is Hispanic, but admits the other allegations therein.

9.      Defendants are without sufficient information to admit or deny the allegation contained in Paragraph 9 of the Complaint and therefore deny it.

10.     Defendants admit that Plaintiff Ochoa was employed by an Allstate insurance agency owned by Russell Seaver, but are without sufficient information to admit or deny the remaining allegation in Paragraph 10 of the Complaint and therefore deny it.

11.     Defendants deny that Plaintiff Ochoa "became a top producer of auto insurance for Allstate in the region."  Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 11 of the Complaint and therefore deny them.

12.     Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.     Defendants admit that, among the requirements Plaintiff Ochoa needed to satisfy in order to open an Allstate agency was sufficient liquid assets, a clear background check, and an acceptable business and marketing plan.  Defendants deny the remaining allegations in Paragraph 13 of the Complaint.

14.     Defendants admit that Plaintiff Ochoa met Allstate's requirements for becoming an Allstate agent and that Allstate conditionally approved Plaintiff Ochoa opening an Allstate agency.

15.     Defendants admit that Allstate has certain requirements for an individual or a corporation to become an agent of Allstate, including an office, the location of which Allstate has the right to approve.  Defendants also admit that, as an independent contractor, Plaintiff Ochoa or his corporation were required to pay the costs associated with opening and operating

2

the office.  Plaintiff Ochoa was also required to attend training and orientation at his own expense.  Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

16.     Defendants deny that Allstate encouraged Plaintiff Ochoa to form Tennessee Insurance Professionals, LLC.  Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 16 of the Complaint and therefore deny them.

17.     Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 18 of the Complaint and therefore deny them.

19.     Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants admit that Plaintiff Ochoa attended Allstate training sessions in Chicago and Nashville.  Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 20 of the Complaint and therefore deny them.

21.     Defendants admit that they trained Plaintiff Ochoa and other new agents to verify their customers' prior insurance coverage.  Defendants further admit that customers were eligible for increasing discounts on premiums based upon the number of years they had been with their prior insurance carriers.

22.     Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants admit that new agents were presented with Exclusive Agency R3001C Agreements ("EA Agreement").  Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 26 of the Complaint and therefore deny them.27.

Defendants admit the allegations contained in Paragraph 27 of the Complaint.

28.     Defendants state that the EA Agreement speaks for itself and deny any allegations inconsistent therewith.

29.     Defendants state that the EA Agreement speaks for itself and deny any allegations inconsistent therewith.

30.     Defendants state that the EA Agreement speaks for itself and deny any allegations inconsistent therewith.  Defendants deny the remaining allegations contained in Paragraph 30 of the Complaint.

31.     Defendants state that the EA Agreement speaks for itself and deny any allegations inconsistent therewith.

32.     Defendants admit the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     Defendants state that the EA Agreement speaks for itself and deny any allegations inconsistent therewith.

35.     Defendants admit the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 36 of the Complaint and therefore deny them.

37.     Defendants deny that Plaintiff Ochoa "continued to be a top producer for Allstate in the region."  Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 37 of the Complaint and therefore deny them.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.     Defendants admit that Mr. Harvey, Territorial Sales Leader, announced a promotion called "One from Everyone" in which the agent in the territory who wrote the most auto policies in May 2010 would receive an iPad.  Defendants deny the remaining allegations in Paragraph 39 of the Complaint.

40.     Defendants admit that Plaintiffs appeared to have written the most auto policies, and that Allstate sent an email to Allstate agents in the region acknowledging the promotion's apparent result.  Defendants deny the remaining allegations in Paragraph 40 of the Complaint.

41.     Defendants admit that Allstate gave Plaintiffs a $25 BP gift card as part of the "Hit the Gas, Keep the Cash" promotion.  Defendants deny the remaining allegations in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants admit that Allstate recommended Plaintiff Ochoa to terminate Ms. Hanvy because of her violation of Allstate's marketing policies.  Defendants deny the remaining allegations in Paragraph 44 of the Complaint.

45.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 45 of the Complaint and therefore deny them.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants admit that Premier Service Agencies may be eligible to purchase other agencies.  Defendants deny the remaining allegations contained in Paragraph 47 of the Complaint.

48.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 48 of the Complaint and therefore deny them.

49.     Defendants admit the allegations contained in Paragraph 49 of the Complaint.

50.     Defendants admit that on one occasion, Mr. Conlan provided assistance to Ms. Pack by demonstrating how to verify prior insurance coverage on an actual quote without the customer present.  Defendants deny the remaining allegations in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants admit that Allstate conducted a review of Plaintiffs' agency data for compliance issues.  Defendants deny the remaining allegations contained in Paragraph 53 of the Complaint.

54.     Defendants admit the allegations contained in Paragraph 54 of the Complaint.

55.     Defendants admit that Ms. Gould addressed the issue with Plaintiff Ochoa during New Agency Owner Education, during which she acknowledged that the system may fail to return hits on customers with multiple names, no established credit, and/or no Social Security numbers.  Ms. Gould instructed Plaintiff Ochoa to always input complete and accurate information into the system to avoid this problem.  Defendants further admit that Ms. Gould instructed Plaintiff Ochoa to enter transaction notes on each client that lacked a hit.  Defendants deny the remaining allegations in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants admit that Mr. Lundy confronted Plaintiff Ochoa about complaints from other agents that Plaintiffs were violating Allstate's marketing policies.  Mr. Lundy stated that, by violating Allstate's marketing policies and raising the ire of other agents, who were upset about Plaintiffs' actions, Plaintiff Ochoa had essentially put a "target" on his back.  Defendants deny the remaining allegations contained in Paragraph 57 of the Complaint.

58.     Defendants admit that Mr. Lundy instructed Plaintiff Ochoa to make copies of documents pertaining to his clients, including driver's licenses, Social Security cards, and written proof of prior insurance coverage beyond six months.  Defendants deny the remaining allegations in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     Defendants admit that on October 28, 2010, a representative from Allstate's Human Resources Department called Plaintiff Ochoa to set up an interview with an Allstate Corporate Security investigator on October 29, 2010, and to request that he bring certain customer files.  Defendants deny the remaining allegations in Paragraph 60 of the Complaint.

61.     Defendants admit the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants admit that the investigator questioned Plaintiff Ochoa regarding the lack of documentation for his clients' prior insurance coverage older than six months.  Defendants deny the remaining allegations in Paragraph 62 of the Complaint.

63.     Defendants admit the allegations contained in Paragraph 63 of the Complaint.

6

64.    Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.    Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.    Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.    Defendants admit the allegations contained in Paragraph 67 of the Complaint.

68.    Defendants admit that Mr. Williams stated that the agency must be immediately shut down. Defendants deny the remaining allegations contained in Paragraph 68 of the Complaint.

69.    Defendants admit that Mr. Williams took Plaintiffs' customer files, marketing materials, and stationary, and forwarded the agency's phones to a call center. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 69 of the Complaint and therefore deny them.

70.    Defendants admit the allegations contained in Paragraph 70 of the Complaint.

71.    Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.    Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.    Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.    Defendants admit that Allstate sent a letter to the Tennessee Department of Commerce and Insurance which stated that the reason for the termination of Plaintiffs' appointment with Allstate was "providing false information to the company." Defendants deny the remaining allegations in Paragraph 74 of the Complaint.

75.    Defendants state that the termination letter speaks for itself and deny any allegations inconsistent therewith.

76.    Defendants state that the termination letter speaks for itself and deny any allegations inconsistent therewith.

77.    Defendants state that the termination letter speaks for itself and deny any allegations inconsistent therewith.

78.    Defendants admit that Plaintiff Ochoa requested that Allstate provide his Compensation Report for the period ending January 31, 2011. Defendants are without sufficient

information to admit or deny the remaining allegations in Paragraph 78 of the Complaint and therefore deny them.

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.     Defendants admit that Plaintiff Ochoa proposed via email on January 12, 2011, that Russell Seaver purchase the economic interest in the book of business his agency managed. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 81 of the Complaint and therefore deny them.

82.     Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants admit that Allstate's termination letter provided that if Allstate approved a proposed buyer, the sale must be completed on or before May 1, 2011.  Defendants further admit that the termination letter provided that if the buyer was not approved, Allstate would process a termination payment to Plaintiffs.  Defendants deny the remaining allegations in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88.     Defendants admit that Allstate initially indicated to Plaintiffs that, if Mr. Seaver purchased Plaintiffs' agency and was permitted to keep two separate agent numbers, the location would be treated as a multi-book location which would not be eligible to receive an Agency Development Bonus.  Defendants deny the remaining allegations in Paragraph 88 of the Complaint.

89.     Defendants admit the allegations contained in Paragraph 89 of the Complaint.

90.     Defendants admit that merging Mr. Seaver's economic interest in his book of business with Plaintiffs' economic interest in their book of business would require that Mr.

Seaver's Resources for Growth target figures be reestablished.  Defendants deny the remaining allegations in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.     Defendants admit the allegations contained in Paragraph 92 of the Complaint.

93.     Defendants state that the EA Agreement speaks for itself and deny any allegations inconsistent therewith.  Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 93 of the Complaint and therefore deny them.

94.     Defendants admit that Plaintiff Ochoa requested that Allstate provide certain reports pertaining to Plaintiffs' business, including the CSRP, the Loss Ratio Report, the TPP Report, and the Compensation Report.   Defendants deny the remaining allegations in Paragraph 94 of the Complaint.

95.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 95 of the Complaint and therefore deny them.

96.     Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98.      Defendants admit that, due to the negotiations between Plaintiffs and Mr. Seaver concerning the sale of Plaintiffs' agency, and Mr. Seaver's statements that he was considering assuming the agency's phone contract, Allstate delayed terminating the contract for telephone service with AT&T.  Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 98 of the Complaint and therefore deny them.

99.     Defendants admit that Allstate informed Plaintiff Ochoa that the transfer or termination of the AT&T phone contract would not be immediately resolved.  Defendants admit that, due to the negotiations between Plaintiffs and Mr. Seaver concerning the sale of Plaintiffs' agency, and Mr. Seaver's statements that he was considering assuming the agency's phone contract, Allstate delayed terminating the contract for telephone service with AT&T.

100.    Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations contained in Paragraph 101 of the Complaint.

9

<u>COUNT I: DISCRIMINATION IN THE ENFORCEMENT OF</u>

<u>CONTRACTS IN VIOLATION OF 42 U.S.C. § 1981</u>

102.    Defendants incorporate by reference their responses to Paragraphs 1 through 101 as their response to Paragraph 102 of the Complaint.

103.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in Paragraph 8 of the Complaint that Plaintiff Ochoa "is in a racial and ethnic class protected by state and federal law," and therefore deny the allegation.

104.    Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105.    Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106.    Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107.    Defendants deny the allegations contained in Paragraph 107 of the Complaint.

<u>COUNT II: DISCRIMINATION IN VIOLATION OF</u>

<u>THE TENNESSEE HUMAN RIGHTS ACT</u>

108.    Defendants incorporate by reference their responses to Paragraphs 1 through 107 as their response to Paragraph 108 of the Complaint.

109.    Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110.    Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111.    Defendants deny the allegations contained in Paragraph 111 of the Complaint..

112.    Defendants deny the allegations contained in Paragraph 112 of the Complaint.

<u>COUNT III: BREACH OF CONTRACT AND</u>

<u>THE DUTY OF GOOD FAITH AND FAIR DEALING</u>

113.    Defendants incorporate by reference their responses to Paragraphs 1 through 112 as their response to Paragraph 113 of the Complaint.

114.    Paragraph 112 of the Complaint states a legal conclusion to which no response is required.  To the extent that Paragraph 112 requires a response, Defendants deny the allegations contained therein.

115.    Defendants admit the allegations contained in Paragraph 115 of the Complaint.

10

116.     Defendants admit that Allstate's termination letter required that Plaintiffs' sale of their book of business be closed by May 1, 2011, or Allstate would process the termination payment.

117.     Defendants admit the allegations contained in Paragraph 117 of the Complaint

118.     Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119.     Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120.     Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121.     Defendants admit that Allstate indicated that if it did approve of the sale, Mr. Seaver would be required to merge his book of business with the Plaintiffs' book of business. Defendants deny the remaining allegations in Paragraph 121 of the Complaint.

122.     Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123.     Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124.     Defendants admit that Plaintiffs are restricted from using the office space by the non-competition and non-solicitation provisions of the EA Agreement. Defendants are without sufficient information to admit or deny the remaining allegation in Paragraph 124 of the Complaint and therefore deny it.

125.     Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126.     Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127.     Defendants deny the allegations contained in Paragraph 127 of the Complaint..

128.     Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129.     Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130.     Defendants deny the allegations contained in Paragraph 130 of the Complaint.

COUNT IV: INTENTIONAL INTERFERENCE

WITH BUSINESS RELATIONSHIPS

131.     Defendants incorporate by reference their responses to Paragraphs 1 through 130 as their response to Paragraph 131 of the Complaint.

132.     Defendants admit that Plaintiffs were attempting to negotiate a prospective contract for Mr. Seaver to purchase Plaintiffs' book of business.  The remaining allegation in Paragraph 132 of the Complaint states a legal conclusion to which no response is required. To the extent that Paragraph 132 requires a response, Defendants deny that Plaintiffs' had a "business relationship" with Mr. Seaver.

133.     Defendants admit that Allstate was aware of the prospective contract.  Defendants deny that Allstate was aware of a "business relationship" between Plaintiffs' and Mr. Seaver as a matter of law.

134.     Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135.     Defendants deny the allegations contained in Paragraph 135 of the Complaint.

136.     Defendants deny the allegations contained in Paragraph 136 of the Complaint.

137.     Defendants deny the allegations contained in Paragraph 137 of the Complaint.

<u>COUNT V: VIOLATIONS OF THE TENNESSEE</u>

<u>CONSUMER PROTECTION ACT</u>

138.     Defendants incorporate by reference their responses to Paragraphs 1 through 137 as their response to Paragraph 138 of the Complaint.

139.     Defendants deny the allegations contained in Paragraph 139 of the Complaint.

140.     Defendants deny the allegations contained in Paragraph 140 of the Complaint.

141.     Defendants deny the allegations contained in Paragraph 141 of the Complaint.

142.     Defendants deny the allegations contained in Paragraph 142 of the Complaint.

<u>COUNT VI: BREACH OF CONTRACT</u>

143.     Defendants incorporate by reference their responses to Paragraphs 1 through 142 as their response to Paragraph 143 of the Complaint.

144.     Defendants admit that Mr. Harvey, Territorial Sales Leader, announced a promotion called "One from Everyone" in which the agent in the territory who wrote the most auto policies in May 2010 receive an iPad.

145.     Defendants deny the allegations contained in Paragraph 145 of the Complaint.

146.     Defendants admit that Plaintiffs appeared to have written the most auto policies, and that Allstate sent a mass email to Allstate agents in the region acknowledging the promotion's apparent result.

147.  Defendants admit that Allstate gave Plaintiffs a $25 BP gift card as part of the "Hit the Gas, Keep the Cash" promotion.  Defendants deny the remaining allegations in Paragraph 147 of the Complaint.

148.     Defendants deny the allegations contained in Paragraph 148 of the Complaint.

149.     Defendants deny the allegations contained in Paragraph 149 of the Complaint.

<u>COUNT VII: DEFAMATION</u>

150.     Defendants incorporate by reference their responses to Paragraphs 1 through 149 as their response to Paragraph 150 of the Complaint.

151.     Defendants admit that Allstate notified the Tennessee Department of Commerce and Insurance that it had terminated Plaintiffs for cause, and that the "for-cause" reason was providing false information to the company.  Defendants deny that Mr. Harvey made such a statement or representation to the Tennessee Department of Commerce and Insurance, or to anyone else outside of Allstate.  Defendants further deny that Allstate made this statement or representation to any "others" beyond the Tennessee Department of Commerce and Insurance.

152.     Defendants deny the allegations contained in Paragraph 152 of the Complaint.

153.     Defendants deny the allegations contained in Paragraph 153 of the Complaint.

154.     Defendants deny the allegations contained in Paragraph 154 of the Complaint.

<u>COUNT VII: DECLARATORY JUDGMENT</u>

155.     Defendants incorporate by reference their responses to Paragraphs 1 through 154 as their response to Paragraph 155 of the Complaint.

156.     Defendants admit the allegations contained in Paragraph 156 of the Complaint.

157.     Defendants admit the allegations contained in Paragraph 157 of the Complaint.

158.     Defendants state that the EA Agreement speaks for itself and deny any allegations inconsistent therewith.

159.    Defendants admit the allegations contained in Paragraph 159 of the Complaint.

160.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 160 of the Complaint and therefore deny them.

161.    Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 161 of the Complaint and therefore deny them.

162.    Defendants deny the allegations contained in Paragraph 162 of the Complaint.

163.    Defendants deny the allegations contained in Paragraph 163 of the Complaint.

164.    Any and all allegations not otherwise specifically addressed above are denied.

<u>AFFIRMATIVE AND OTHER DEFENSES</u>

<u>FIRST DEFENSE</u>

(Failure to State a Claim)

With respect to some or all of Plaintiffs' claims, Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

<u>SECOND DEFENSE</u>

(Independent Contractor)

Some or all of Plaintiffs' claims are barred because Plaintiff Ochoa was an independent contractor.

<u>THIRD DEFENSE</u>

(Legitimate, Non-discriminatory Reasons)

The decisions made with respect to Plaintiff Ochoa's employment and approval or disapproval of Plaintiffs' sale of the economic interest in the book of business were made for legitimate, non-discriminatory, non-retaliatory business reasons and other reasonable factors other than race.

<u>FOURTH DEFENSE</u>

(Truth of Statements)

Plaintiffs' defamation claim is barred because any statements made by Defendants about Plaintiff Ochoa were true and accurate.

## FIFTH DEFENSE

### (Waiver)

Plaintiffs have waived their rights to assert claims against the Defendants.

## SIXTH DEFENSE

### (Estoppel)

Plaintiffs are estoped from asserting claims against the Defendant.

## SEVENTH DEFENSE

### (Unclean Hands)

Some or all of Plaintiffs' claims are barred by the doctrine of unclean hands.

## EIGHTH DEFENSE

### (Unripe Claims)

Some or all of Plaintiffs' claims are barred because they are not yet ripe.

## NINTH DEFENSE

### (Failure to Mitigate)

Plaintiffs have failed to mitigate their damages and as a result any damages awarded to Plaintiffs should be reduced accordingly.

## TENTH DEFENSE

### (Lack of Standing)

Some or all of Plaintiffs' claims are barred because Plaintiffs lack standing to assert these matters against Defendants.

WHEREFORE, Defendants pray that this action be dismissed with prejudice and that they be awarded their costs and such other and further relief as the Court deems just and proper.

Respectfully submitted,


  /s/  John C. Hayworth
John C. Hayworth (#16133)
Andrew J. Ross (#28350)
Walker Tipps & Malone PLC
2300 One Nashville Place
150 Fourth Avenue North
Nashville, Tennessee 37219
Telephone:  (615) 313-6000
E-mail: jhayworth@walkertipps.com
       aross@walkertipps.com

and pending *pro hac vice* admission:

Robert G. Lian, Jr., (VA Bar No. 36406)
Laurence A. Benenson (CA Bar No. 246403)
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Ave., NW
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
E-mail: blian@akingump.com
       lbenenson@akingump.com

***Attorneys for Defendants***


## CERTIFICATE OF SERVICE

16

I hereby certify that, on May 2, 2011, a true and correct copy of the foregoing was filed electronically with the U.S. District Court for the Middle District of Tennessee. Notice of this filing was served via the court's electronic filing system on all counsel listed below:

Andrea McKellar
McKellar Law
217 Second Avenue
Nashville, TN 37201

/s/ John C. Hayworth