# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| MARIO OCHOA and TENNESSEE INSURANCE PROFESSIONALS, LLC, | ) ) ) | |
| Plaintiffs | ) ) | Case No. 3:11-CV-0233 |
| | ) ) | JURY DEMAND |
| vs. | ) ) | |
| ALLSTATE INSURANCE COMPANY and ERIC HARVEY, | ) ) ) | |
| Defendants | ) ) | |

## [PROPOSED] INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 11(d)(1)(b)(2), the parties, through their attorneys of record, hereby submit the following proposed case management plan:

1.  **Jurisdiction of Court:**  Jurisdiction in this case is based upon 28 U.S.C. § 1981 and 28 U.S.C. § 1367.  Defendant does not dispute the jurisdiction of this Court.

2.  **Parties, Claims and Defenses:**

    A.  **Theory of the Plaintiff:**

Plaintiff Mario Ochoa ("Mr. Ochoa"), who is Hispanic, is the only member of Plaintiff Tennessee Insurance Professionals, LLC (the "LLC").  Plaintiffs owned an Allstate insurance agency and were parties to an Exclusive Agency Agreement, form #R3001C, with Allstate Insurance Company.  The vast majority of Plaintiffs' clients were Hispanic.  Allstate discriminated against Plaintiffs by treating Mr. Ochoa less favorably than the non-Hispanic agents and by eventually terminating its Exclusive Agency Agreement with Plaintiffs because of Mr. Ochoa's race and origin and the race and origin of Plaintiffs' clients.

After terminating the Exclusive Agency Agreement, Allstate continued to treat Plaintiffs' unlawfully.  Plaintiffs intended to sell their book of business to another agent for Allstate and had entered into a preliminary agreement to do so.  Allstate initially failed and refused to

approve of the sale and then imposed unreasonable conditions on the sale, which ultimately prevented the sale from closing. As a result, Allstate breached their obligations to Plaintiffs under the Exclusive Agency Agreement to act in good faith and deal fairly and intentionally interfered with Plaintiffs' business relationships. Moreover, Allstate defamed Plaintiffs by falsely reporting to the Tennessee Department of Commerce and Insurance and others that Mr. Ochoa was terminated as an Allstate agent for supplying false information to the Company.

The Exclusive Agency Agreement contains a non-solicitation covenant and non-competition covenant that purport to restrict Plaintiffs from soliciting customers of Allstate and from competing in an office located within one mile of their agency location for one year following termination of the agreement. The non-solicitation and non-competition covenants in the Exclusive Agency Agreement are not enforceable under the circumstances.

Plaintiffs have sued Defendant Eric Harvey, a Territory Sales Leader for Allstate during the relevant time period, in relation to a contest conducted by Defendants Eric Harvey and Allstate. As part of this contest, Defendants promised to award an iPad to the agent in the territory who wrote the most policies. It is undisputed that Plaintiffs won the contest. Defendants, however, never provided the iPad to Plaintiffs as promised.

### B. Theory of Defendant:

Allstate terminated Plaintiffs' Exclusive Agency Agreement for legitimate, non-discriminatory, non-retaliatory business reasons related to Plaintiffs' contract violations related to Allstate policies and procedures related to marketing of insurance products and preparation of applications. This violations included multiple instances in which Plaintiff Ochoa provided false information to the Company. Eric Harvey is not a proper defendant in this lawsuit.

Pursuant to the terms of the Exclusive Agency Agreement regarding the sale of the economic interest in the book of business, Allstate imposed reasonable, non-discriminatory conditions.. Plaintiff Ochoa reached a preliminary agreement to sell his economic interest in the

book of business to another Exclusive Agent Russell Seaver, in accordance with Allstate's policies. Allstate imposed no new terms on the sale after the preliminary agreement. The sale ultimately fell through, apparently because Plaintiff Ochoa and Mr. Seaver failed to reach an agreement on final terms.

The non-solicitation and non-competition provisions in the Exclusive Agency Agreement are reasonable and enforceable under governing law.

Allstate did not award Plaintiff Ochoa an iPad for the auto policies he wrote in relation to the regional promotion, because subsequent review of these policies revealed that a number of the policies were not written in compliance with Allstate requirements related to proof of prior insurance. Plaintiffs' allegation that Allstate or Eric Harvey breached any contract, or that a contract even existed, by virtue of the iPad promotion is meritless.

Plaintifffs did not suffer any legally-cognizable damages stemming from any allegedly illegal conduct on the part of either Defendant.

3. **Issues Resolved:** The parties do not dispute jurisdiction and venue.

4. **Issues Still in Dispute:** Issues regarding liability and damages remain in dispute.

5. **Initial Disclosures:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before June 7, 2011.

6. **Discovery:** The parties shall complete all written discovery, with the exception of requests for admissions**,** and depose all fact witnesses on or before January 15, 2012. Requests for admission may be served such that all responses thereto shall be due no later than sixty (60) days before trial. Discovery is not stayed during dispositive motions, unless ordered by the Court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call. with Judge Trauger.

7. **Motions to Amend:**  The parties shall file all motions to amend on or before September 5, 2011.

8. **Disclosure of Experts:**  Plaintiffs shall identify and disclose all expert witnesses and expert reports on or before February 29, 2012.  Defendants shall identify and disclose all expert witnesses and reports on or before April 2, 2012.

9. **Depositions of Expert Witnesses:**  The parties shall depose all expert witnesses on or before May 31, 2012.

10. **Joint Mediation Report:**  The parties shall file a joint mediation report on or before ~~June 29~~ April 15, 2012.

11. **Dispositive Motions:**  The parties shall file all dispositive motions on or before June 29, 2012, 2012.  Responses to dispositive motions shall be filed within thirty (30) days after service of the motion.  Optional replies may be filed within fourteen (14) days after service of the response.

No motion for partial summary judgment shall be filed except upon leave of Court.  Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court.

12. **Electronic Discovery:**  The parties intend to reach an agreement on how to conduct electronic discovery, but there have been no discussions.  The parties do not intend that the default standard in Administrative Order 174 should apply to this case.

13. **Estimated Trial Time:**  The parties expect the trial to last approximately five (5) days.

4

Entered this 23 rd day of _____ May _____, 2011.

_____

ALETA A. TRAUGER, Judge

**APPROVED FOR ENTRY:**


/s/Andrea T. McKellar
Andrea T. McKellar
McKellar Law
201 4th Ave. N., Suite 1130
Nashville, TN 37219
Ph: (615) 567-5794
Fax: (615) 567-5795
andie@mckellarlaw.com

*Counsel for Plaintiffs*


  /s/   John C. Hayworth
John C. Hayworth (#16133)
Andrew J. Ross (#28350)
Walker Tipps & Malone PLC
2300 One Nashville Place
150 Fourth Avenue North
Nashville, Tennessee 37219
Telephone:  (615) 313-6000
E-mail: jhayworth@walkertipps.com
        aross@walkertipps.com


and admitted *pro hac vice*:


Robert G. Lian, Jr., (VA Bar No. 36406)
Laurence A. Benenson (CA Bar No. 246403)
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Ave., NW
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
E-mail: blian@akingump.com
lbenenson@akingump.com

*Counsel for Defendants Allstate Insurance
Company and Eric Harvey*

5