UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARIO OCHOA and TENNESSEE
INSURANCE PROFESSIONALS, LLC,

Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY
and ERIC HARVEY

Defendants.

Case No. 3-11-0233

JUDGE TRAUGER

## STIPULATED PROTECTIVE ORDER

WHEREAS the parties in the above-captioned action have sought, are seeking, and may in the future seek or exchange documents and information which are considered proprietary or confidential by each other; and

WHEREAS the parties wish to protect such proprietary or confidential documents and information from unauthorized disclosure;

IT IS THEREFORE STIPULATED AND AGREED by and between the undersigned attorneys for the parties and SO ORDERED by this Court, that the following procedures designated to assure the protection of proprietary or confidential information shall govern any discovery that results in the production or any other exchange of confidential documents or information or any other exchange of such information during the course of or otherwise in connection with the above-captioned action:

1. Any and all documents comprising, generated from, or referencing processes, operations, business methods, or any other business information that is proprietary and/or confidential, may be designated as "Confidential Information" by the producing party, provided such documents have not previously been disclosed by the producing party to the general public, except to the extent that such designation is contrary to the Federal Rules of Civil Procedure or Tennessee law. Such documents or parts thereof will be designated by stamping the word "confidential" on each page.

2. All information exchanged between the parties to this action shall be used solely for the purposes of this action and for no other purpose whatsoever, except to the extent that such is contrary to Tennessee law or applicable cannons of ethics or codes of professional responsibility.

3. For purposes of this Stipulated Protective Order (hereinafter "Protective Order") the term "document" as used herein includes but is not limited to all written, recorded, or graphic material in hard copy or electronic format.

4. If any party believes a document not described in paragraph 1 should nevertheless be considered confidential, it may be addressed in writing to the opposing party. If after a good faith effort to resolve the dispute the parties are unable to reach agreement, either party may make application to the Court to resolve the issue.

5. If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate.

6. Except as otherwise provided in this Protective Order, material designated as Confidential Information may not be examined, disclosed, or disseminated, whether orally or in writing, to any person other than persons to whom disclosure or dissemination is necessary for the prosecution or defense of this action, in particular:

(a) Defendants;

(b) Plaintiffs;

(c) The parties' respective counsel and employees of the parties' counsel who are acting under the direction and control of such counsel and who are assisting such counsel in this action;

(d) To the extent the parties' counsel deems necessary for the prosecution or defense of the instant matter, actual or proposed witnesses, and other persons whom the parties' counsel deem necessary including but not limited to independent consultants or experts retained in connection with the instant action so long as the parties' counsel instructs any such individual that the Confidential Information is not to be disclosed or disseminated any further than itself and its personnel or agents, and each such person agrees, in writing, to be bound to the terms of this Order. A sample agreement form is attached as Exhibit 1 to this Order;

(e) Stenographers or court reporters only to the extent necessary to prepare records of sworn testimony in the instant action;

(f) Magistrates, Judges, clerks or other members or employees of any court of competent jurisdiction over proceedings in or related to the instant action or any law enforcement agency; and

(g) Any individual who has already seen such document with the express or implied permission of the producing party or from some other lawful source, in accordance with this Protective Order.

7.  The parties are entitled to mark or designate confidential documents or information that the producing party deems highly sensitive, as "Attorneys' Eyes Only Information." Such material shall consist of: trade secrets; company security matters; customer lists; financial data; production data; rate information; and internal reports or analyses of Allstate's business operations that are distributed only among the company's senior management and/or identified project teams.

8.  Documents or information designated as "Attorneys' Eyes Only" pursuant to this paragraph shall bear a stamp so indicating or shall be identified by the producing party, in writing, by Bates number range or other method of identification. Documents or information so designated may not be disclosed or disseminated in whole, in part, or in summary, whether orally or in writing, to any other person, including the parties represented by the receiving attorney, other than: the attorneys for the parties; personnel of the law firms of the attorneys of record (including, without limitation, paralegals or stenographic/clerical employees) who are assisting the attorneys of record; court reporters at deposition; and any witness who has access to such documents or information in the normal course of their duties as an employee of Allstate.

9.  The parties reserve the right to object to the designation of documents or information as Attorneys' Eyes Only Information, but must maintain the confidentiality of these documents or information pursuant to the terms of this paragraph until otherwise ordered by the Court. Inadvertent failure to designate Attorneys' Eyes Only Information shall not be construed as a waiver, in whole or in part, and may be corrected by the producing party by written notification to the party in receipt of the material upon discovery of the failure to designate.

10. No party or other person to whom any Confidential Information or Attorneys' Eyes Only Information is disclosed shall further disclose any such material to any person other

than those specified in Paragraph 6, as appropriate. All Confidential Information and Attorneys' Eyes Only Information produced or exchanged in the course of this lawsuit shall be used solely for the preparation and trial of this lawsuit and for no other purpose.

11. Confidential Information may be disclosed in testimony at the trial of this action or offered into evidence at the trial of this action, subject to the Federal Rules of Evidence and any further order that the Court may enter. Further, this Protective Order shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as Confidential Information under the terms of this Protective Order. If a receiving party or attorney desires to introduce Confidential Information or Attorneys' Eyes Only Information at trial or in the public record of the Court in any filing or submission, the party shall give the producing party notice of the intent to introduce such documents to permit the producing party to meet and confer with the receiving party regarding the filing of such materials under seal or pursuant to protective order, pursuant to Fed. R. Civ. P. 5.2, 26 or other applicable local rules. The producing party hereby stipulates that it will agree to an extension of at least three (3) days, as calculated by Fed. R. Civ. P. 6, for a receiving party to file such documents with the Court after the filing of a related brief or submission to facilitate the meet and confer obligations of this paragraph. The producing party hereby stipulates that it will agree to respond to the receiving party and initiate a meet and confer within three (3) business days of the date of the notice of intent to introduce Confidential Information or Attorneys' Eyes Only Information at trial or in the public record of the Court in any filing or submission.

12. Nothing in this Protective Order shall require disclosure of material which either party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable and recognized privilege.

13. The termination of proceedings in this litigation shall not relieve any person or entity to whom Confidential or Attorneys' Eyes Only Information has been disclosed from the obligations of this Protective Order. Following termination of proceedings in this litigation, the parties and their attorneys shall either return to the producing party or destroy all documents and information identified in this Protective Order within 60 days of the date upon which all appeal periods have expired, including any copies of such material, unless the Confidential Information is required to be retained for a longer period by law or superseding contractual agreement. The attorneys for the parties, upon written request of the producing party, shall certify in writing that destruction in accordance with this paragraph has occurred.

14. Notwithstanding anything herein, counsel for the parties shall be entitled to retain all court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions and at trial, and attorney work product. This Protective Order shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Protective Order shall prohibit or interfere with the ability of counsel for any party, or experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

15. This Protective Order shall not apply to information which is public knowledge or publicly available, or to information which, after exchange or disclosure between the parties, becomes public knowledge other than by an act or omission of any permitted recipient in contravention of the terms of this Protective Order.

16. Nothing in this Protective Order shall impose any restriction on the use or disclosure by a party of its own documents.

IT IS SO ORDERED.

_____  _____
Hon. Aleta A. Trauger, U.S.D.J.      8/25/11
                                     Date

7

Case 3:11-cv-00233   Document 24   Filed 08/25/11   Page 7 of 9 PageID #: 126

SO STIPULATED AND AGREED TO:


/s/Andrea McKellar (by JCH w/ permission)
Andrea McKellar
MCKELLAR LAW
201 4th Ave. N., Suite 1130
Nashville, Tennessee 37201
(615) 567-5794

*Attorney for Plaintiffs*


/s/John C. Hayworth
John C. Hayworth (#16133)
Andrew J. Ross (#28350)
Walker Tipps & Malone PLC
2300 One Nashville Place
150 Fourth Avenue North
Nashville, Tennessee 37219
Telephone: (615) 313-6000
E-mail: jhayworth@walkertipps.com
 aross@walkertipps.com

Robert G. Lian, Jr. (pro hac vice)
Laurence A. Benenson (pro hac vice)
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Ave., NW
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
E-mail: blian@akingump.com
 lbenenson@akingump.com

*Attorneys for Defendants*

| | |
|---|---|
| MARIO OCHOA and TENNESSEE INSURANCE PROFESSIONALS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY and ERIC HARVEY<br><br>Defendants. | Case No. 3-11-0233<br><br>JUDGE TRAUGER |

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I have read the Stipulated Protective Order in the above-captioned case, which is attached hereto. I fully understand its terms and agree to be fully bound by them, and I hereby submit to the jurisdiction of the United States District Court for the Middle District of Tennessee for purposes of enforcement of the Stipulation and Order.

_____  
DATE

_____  
SIGNATURE

_____  
PRINT NAME

EXHIBIT 1